**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**at ASHLAND**

**CIVIL ACTION NO. 22-100-DLB**

**THOMAS RUFFING,**                                                           **PLAINTIFF**

v.                  **MEMORANDUM OPINION AND ORDER**

**KILOLO KIJAKAZI,**
**COMMISSIONER OF SOCIAL SECURITY,**                       **DEFENDANT**

                                      \*\*\*     \*\*\*     \*\*\*     \*\*\*

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying his application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be **affirmed**.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for disability insurance benefits (DIB) and supplemental security income benefits (SSI) in May of 2019, alleging disability due to his liver transplant, anxiety, side pain and medication side effects (Tr. 270). This application was denied, then proceeded to an administrative hearing, conducted by Administrative Law Judge L. Raquel Bailey Smith (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, John Goodman, a vocational expert (hereinafter "VE"), also testified.

1

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:   If the claimant is performing substantial gainful work, he is not disabled.

Step 2:   If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:   If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. (Tr. 14-24). Plaintiff was 42 years old at the time of the ALJ's decision. He has a GED and past relevant work as a janitor. (Tr. 271).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since he applied for benefits. (Tr. 16).

The ALJ then determined, at Step 2, that Plaintiff suffers from chronic liver disease, obesity, depression and anxiety, which she found to be "severe" within the meaning of the Regulations (Tr. 16-17).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 17-19).

2

At Step 4, the ALJ found Plaintiff could not perform his past relevant work but that he has the residual functional capacity ("RFC") to perform light work with occasional kneeling, crouching, crawling, and climbing stairs; no climbing ladders, ropes, or scaffolds; and no exposure to hazards such as unprotected heights or moving machinery (Tr. 17-19). The ALJ also found Plaintiff could understand, remember, and carry out simple, routine tasks consistent with unskilled work; concentrate, persist, and maintain pace to complete unskilled tasks that did not require production-rate pace; have occasional interaction with coworkers and the public; and could adapt to occasional changes associated with unskilled work (Tr. 19).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment (Doc. # 9 and 11), and this matter is ripe for decision.

## II. STANDARD OF REVIEW

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly

3

detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### III. ANALYSIS

Plaintiff contends that the ALJ's finding of no disability is erroneous because he claims he does not have the ability to perform even sedentary jobs. He cites to his testimony that his medication "mess[es] with [his] head" and that he "can't focus." He further states that he has severe pain at the surgery site of his liver transplant.

Although he does not frame his argument in these terms, it appears that Plaintiff contends that the ALJ failed to accurately evaluate his subjective complaints of pain. It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).

4

In this case, the ALJ discounted Plaintiff's credibility with regard to his allegations of disabling mental restrictions and pain. (Tr. 22). Subjective claims of disabling pain must be supported by objective medical evidence.  *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).  Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster.  For example, the ALJ pointed out that Plaintiff underwent a liver transplant in 2013 but a few months prior to the alleged onset of disability, in January 2019, he reported to Malav Shah, M.D. at UK Health Care that he was doing well, working part time, exercising regularly, and caring for his young children during the day. (Tr. 380).  In September 2019, he complained of intermittent abdominal pain which worsened at work as a janitor. (Tr. 382).  In January 2020, he reported symptoms of dehydration, for which the physician adjusted his medication. (Tr. 404). He reported that he continued to work and exercise. (Tr. 399).  By May of 2020, he reported improvement with regard to dehydration and pain. (Tr. 645).   This record simply does not reflect total disability.

The ALJ reasonably concluded that despite these mild symptoms, Plaintiff retained the capacity to perform work, but a lighter level than his past work as a janitor. This conclusion is supported by substantial evidence.   Indeed, the record reflects that Plaintiff, while not symptom free, was able to continue with a certain level of activity and that his symptoms were managed. Notably, the record is devoid of any restrictions on activity ordered by a physician. The Court is mindful that the ALJ's credibility determination is entitled to considerable deference, and that this Court is "limited to evaluating whether or not the ALJ's explanations for partially discrediting [claimant] are reasonable and

5

supported by substantial evidence in the record." *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 476 (6th Cir.2003); *see also Gooch v. Sec'y of Health & Human Servs.,* 833 F.2d 589, 592 (6th Cir.1987) ("we will not normally substitute our impressions on the veracity of a witness for those of the trier of fact").

Moreover, the fact that Plaintiff does not agree with the ALJ's decision is not enough to warrant a reversal. While Plaintiff may disagree with ALJ, the relevant question is whether the ALJ's RFC assessment, a matter on which Plaintiff bears the burden, is supported by substantial evidence. *See Benton v. Comm'r of Soc. Sec.*, 2019 WL 14166867, *7 (W.D. Mich. 2019).

## IV.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment (Doc. # 9) be **DENIED** and the Defendant's Motion for Summary Judgment (Doc. # 11) be **GRANTED**.

Judgment in favor of the Defendant will be entered contemporaneously herewith. This 15th day of March 2024.



Signed By:
*David L. Bunning*
United States District Judge

L:\DATA\SocialSecurity\Orders\Ashland\22-100 MOO.docx